UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHI EPSILON BUILDING
ASSOCIATION OF ALPHA
CHI RO, INC.,

                Plaintiff,

                    v.

RSUI INDEMNITY COMPANY,

                Defendant.
_____

5:18-cv-547
(GLS/ATB)

## SUMMARY ORDER

This action involves a fraternity house at Syracuse University that was rendered uninhabitable, not because Dean Wormer learned of nefarious toga parties or Bluto's 0.0 grade point average, but because of a ruptured sprinkler pipe. (Am. Compl. ¶¶ 1-2, Dkt. No. 4.) The property's owner, plaintiff Phi Epsilon Building Association of Alpha Chi Ro, Inc., and the property's insurer, defendant RSUI Indemnity Company, dispute the amount necessary to bring the property into compliance with local codes as well as the timeliness for acting on claims under the applicable insurance policy.[1] (*Id.* ¶¶ 3-4, 8, 12.)

---

[1] The court assumes the parties' basic familiarity with the remainder of the underlying facts and applicable standard of review at this stage.

Pending is RSUI's motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6), which argues that (1) Phi Epsilon's breach of the implied covenant of good faith and fair dealing claim must be dismissed because it is duplicative of its express breach of contract claim and (2) Phi Epsilon cannot recover punitive damages.[2]  (Dkt. No. 7, Attach. 1 at 4-9.)  RSUI's motion is granted in part and denied in part for the reasons below.

"[B]reach of the implied covenant [of good faith and fair dealing] is not a separate claim from breach of contract, it is an alternative means by which a contract may be breached."  *Thompson v. Advanced Armament Corp.*, 614 F. App'x 523, 525 (2d Cir. 2015) (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)).  "It is possible for a party to not breach any express contractual provisions, yet breach the contract by breaching the implied covenant."  *Core Sec. SDI Corp. v. Albany Med. Center*, 1:18-cv-167, 2019 WL 1228550, at *1 (N.D.N.Y. Mar. 15, 2019).  A claim premised on a breach of the implied covenant should

---

*See Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

[2] RSUI also argues that Phi Epsilon cannot recover attorney's fees and costs, (Dkt. No. 7, Attach. 1 at 7); however, in response, Phi Epsilon consented to dismissal of this request.  (Dkt. No. 9 at 7.)

be dismissed as duplicative if it is based upon the same facts underpinning an express breach of contract claim. *See Research Found. of State Univ. of N.Y. v. Nektar Therapeutics*, No. 1:09–cv–1292, 2013 WL 2145652, at *8 (N.D.N.Y. May 15, 2013).

The complaint—examined as a whole and in the light most favorable to Phi Epsilon—plausibly states an implied covenant claim that is distinct enough from its express breach of contract claim to survive for now. That is, in addition to its failure to pay certain claims or submit to the appraisal process, which provide a basis for express breach claims, (Am. Compl. ¶¶ 3, 69, 81), RSUI has also unjustifiably delayed denying claims despite the fact that they are undisputed, (*id.* ¶¶ 51-54, 85). Moreover, RSUI has repeatedly failed to respond to communications from Phi Epsilon regarding these claims. (*Id.* ¶ 88.)

The failure to promptly deny claims may frustrate Phi Epsilon's ability to take advantage of its bargained for contractual rights meant to efficiently resolve disagreements over the amount owed on a claim, such as the provision allowing for submission to an appraisal process, (*id.* ¶¶ 42-43), or judicial involvement if a lawsuit is commenced within two years of the date of loss, (*id.* ¶ 64). Although RSUI's failure to work with Phi Epsilon in a

good faith effort to promptly determine whether claims are disputed or undisputed may not necessarily result in any express breach, it nonetheless may result in an implied breach. *See Evans v Famous Music Corp.*, 1 N.Y.3d 452, 462 (2004) ("The covenant of good faith and fair dealing embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.") (internal quotation marks and citation omitted). Indeed, at least one court in this District has so held in a related context. *See Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 238 F. Supp. 3d 314, 325 (N.D.N.Y. 2017) (holding express breach cause of action seeking relief for reinsurer's failure to pay claims was not duplicative of implied breach cause of action seeking relief for improper claim handling). Accordingly, given that these claims are based on different facts, this portion of RSUI's motion is denied. *See Core Sec. SDI Corp.*, 2019 WL 1228550, at *1; *Nektar Therapeutics*, 2013 WL 2145652, at *8.

Additionally, Phi Epsilon cannot recover punitive damages. In order to state a claim for punitive damages arising from a breach of contract under New York law, "(1) *defendant's conduct must be actionable as an independent tort*; (2) the tortious conduct must be of [an] egregious

4

nature . . . ; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally." *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316 (1995) (emphasis added). In contrast to Phi Epsilon's argument that it "has pled its entitlement to punitive damages by alleging that RSUI acted in bad faith pursuant to a general business practice," (Dkt. No. 9 at 8 (citing Am. Compl. ¶¶ 85-91)), its allegations related to "bad faith," do not form an independent tort. *See Ripka v. Safeco Ins.*, No. 5:14–CV–1442, 2015 WL 3397961, at *5 (N.D.N.Y. May 26, 2015) ("New York does not recognize an independent tort for the bad faith denial of insurance coverage."). Ultimately, Phi Epsilon's failure to specifically enumerate any independent tortious conduct, (*see generally* Am. Compl.), forecloses recovery of punitive damages. *See Rocanova v. Equitable Life Assur. Soc'y of U.S.*, 83 N.Y.2d 603, 614-15 (1994) (rejecting argument that bad faith failure by insurer to pay a claim is actionable in tort so as to justify a punitive damages award).

Accordingly, it is hereby

**ORDERED** that RSUI's motion to dismiss (Dkt. No. 7) is **GRANTED IN PART AND DENIED IN PART** as follows:

    **DENIED** as it relates to plaintiff's implied covenant claim; and

5

**GRANTED** in all other respects; and it is further

**ORDERED** that Phi Epsilon's prayer for punitive damages and attorney's fees and costs in connection with its breach of contract claim is **DISMISSED**; and it is further

**ORDERED** that RSUI shall file a responsive pleading within the time allotted by the Rules; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 29, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge