**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PHI EPSILON BUILDING
ASSOCIATION OF ALPHA
CHI RO, INC.,**

                       **Plaintiff,**

                       **v.**

**RSUI INDEMNITY COMPANY,**

                       **Defendant.**

**5:18-cv-547
(GLS/ATB)**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Mackenzie Hughes LLP<br>Mackenzie Hughes Tower<br>440 South Warren Street, Suite 400<br>Syracuse, NY 13202-2601 | STEPHEN T. HELMER, ESQ.<br>WILLIAM B. HUNT, ESQ. |
| **FOR THE DEFENDANT:**<br>Clausen Miller P.C.<br>28 Liberty Street, 39th Floor<br>New York, NY 10005 | COURTNEY E. MURPHY, ESQ. |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Phi Epsilon Building Association of Alpha Chi Ro, Inc.

commenced this diversity action against defendant RSUI Indemnity Company seeking, among other things, to compel appraisal. (Dkt. No. 4.) Pending before the court is Phi Epsilon's motion for partial summary judgment. (Dkt. No. 32.) For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[1]

RSUI issued a commercial property insurance policy to Phi Epsilon, which was effective from April 1, 2015 to April 1, 2016. (Pl.'s Statement of Material Facts (SMF) ¶ 3, Dkt. No. 32, Attach. 2.) Phi Epsilon owns and operates a fraternity house at Syracuse University. (*Id.* ¶ 1.) In January 2016, a sprinkler ruptured in the fraternity house, causing water damage. (*Id.* ¶ 9.) The parties dispute whether the repair work done on the house was considered necessary to repair the water damage, or whether the work included improvements/betterments. (*Id.* ¶ 23; Defs.' SMF ¶ 23, Dkt. No. 36 Attach. 1.) The parties have engaged in written discovery as well as negotiations regarding architect's fees. (Dkt. Nos. 13, 15, 17, 19, 21,

---

[1] Unless otherwise noted, the facts are undisputed.

23, 25, 27, 28, 29.)  To date, RSUI has paid substantial portions of Phi Epsilon's claims as well as certain architectural fees.  (Pl.'s SMF ¶ 16; Defs.' SMF ¶ 16.)

### B. Procedural History

After a telephone conference held in January 2019, RSUI's building consultant, Frank Antonucci, requested that Phi Epsilon prepare an analysis allocating its architect fee's into three categories: (1) "repairs of direct physical damage"; (2) "code analysis compliance"; and (3) "elective design costs."  (Pl.'s SMF ¶ 42.)  RSUI maintains that Phi Epsilon has not provided the information requested and therefore, appraisal is premature.  (*Id.* ¶ 35.)

Several status reports have been submitted to the court regarding written discovery and negotiations.  (Dkt. Nos. 13, 15, 17, 19, 21, 23, 25, 27, 28.)  During a March 2019 telephone conference with the parties, Magistrate Judge Andrew T. Baxter noted that he would not preclude Phi Epsilon from making the instant motion for partial summary judgment. However, Judge Baxter explained that RSUI may argue that the motion is premature, and that RSUI has not been provided with the discovery necessary to address the motion or to move forward with the appraisal

3

process.

On April 15, 2019, Phi Epsilon moved for partial summary judgment seeking to compel RSUI to submit to an appraisal process, and a declaration that Phi Epsilon is entitled to binding appraisal and that RSUI may not deny Phi Epsilon's claims following appraisal. (Dkt. No. 32, Attach 3.)

### III. Standard of Review

The standard of review pursuant to Federal Rule of Civil Procedure 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

Under New York insurance law, the appraisal procedure is "limited to factual disputes over the amount of loss for which an insurer is liable." *Amerex Group, Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 204 (2d Cir. 2012) (citations omitted). "New York public policy favors an appraisal proceeding over a trial on damages," because an appraisal proceeding "determine[s] the actual cash value, the replacement cost, the extent of the loss or

4

damage and the amount of the loss or damage," which is to be determined "as specified in the policy." *Quick Response Commercial Division, LLC v. Cincinnati Ins. Co.*, No. 1:14-cv-779, 2015 WL 5306093, at *2 (N.D.N.Y. Sept. 10, 2015) (citations omitted). The appraisal is to "proceed pursuant to the terms of the applicable appraisal clause of the insurance policy." *Id.* (citations omitted). An appraisal does not determine whether any portion of the claimed loss or damage is covered by an insurance policy because "[t]he scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal." *Id.* at 3 (citing *Amerex Group*, 678 F.3d at 204).

The parties appear to agree that there is a disagreement as to whether the money spent on the fraternity was for "necessary repair costs," or for "unnecessary betterments." (Dkt. No. 32, Attach. 3 at 5; Dkt. No. 36 at 4, 7.) However, Phi Epsilon maintains that the only remaining issue is value, and therefore, under the policy, the parties must participate in the appraisal process. (Dkt. No. 32, Attach. 3 at 7.) In contrast, RSUI maintains that before it can proceed to the appraisal process, Phi Epsilon first needs to identify and segregate the "elective work" done from the repair work that was deemed necessary to repair the water damage so that

5

RSUI can determine what work and associated fees incurred are covered by the policy.  (Dkt. No. 36 at 4, 7-9.)

In arguing that, at this stage in the litigation, there is a coverage issue and therefore appraisal is premature, RSUI asserts that there remains outstanding information requested by RSUI, which Phi Epsilon has not provided.  (Dkt. No. 36 at 7.)  RSUI further argues that, by not providing the requested information, Phi Epsilon has failed to comply with the policy, which requires, among other things, that Phi Epsilon identify the damage and undamaged property and set forth the quantities, costs, values and amount of loss claimed.  (*Id.* at 3.)

In reply, Phi Epsilon argues that "there are no additional elective costs beyond those" which have been identified, and that, in any event, RSUI will be able to argue that there are additional elective costs beyond those previously identified by Phi Epsilon during the appraisal process.  (Dkt. No. 37 at 5 (alteration omitted).)  In advancing this argument, Phi Epsilon primarily relies on *Quick Response*, which ordered an appraisal because the parties were disputing the extent and dollar value of the loss, not the scope of coverage.  2015 WL 5306093, at *4.  In *Quick Response*, all that remained in dispute were factual questions—the extent of work that

was required to repair the damage that had been caused by a fire, and the necessary methods to be used in the repair. *See id.* at *3. Phi Epsilon argues that this is the exact dispute at issue here. The court agrees.

Here, RSUI maintains that additional information is needed to distinguish covered necessary repair costs from uncovered betterments. (Dkt. No. 36 at 7, 10-11.) However, Phi Epsilon does not dispute that any costs unrelated to repairing the water damage is not covered. (Dkt. No. 37 at 6.) In fact, Phi Epsilon concedes that certain work, such as repairs related to the chimney and porch is unrelated to the water damage and therefore is not covered under the policy. (Dkt. No. 32, Attach. 3 at 7.) Because Phi Epsilon does not seek recovery of those uncovered costs, the only question to be determined is the extent of those costs, compared to the extent of the covered necessary repair costs. Accordingly, because the parties dispute the extent and dollar value of the loss, and not the scope of the coverage provided by the policy, Phi Epsilon's motion for summary judgment is granted to the extent that it seeks to compel appraisal, and both parties are to comply with the policy's appraisal provisions.

## V. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Phi Epsilon's motion for partial summary judgment (Dkt. No. 32) is **GRANTED** to the extent it seeks to compel appraisal and **DENIED** in all other respects; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 28, 2020
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge